1  Alexander Frid (State Bar No. 216800)
   JONES DAY
2  555 West Fifth Street, Suite 4600
   Los Angeles, CA 90013-1025
3  Telephone: (213) 489-3939
   Facsimile: (213) 243-2539
4
5  Ryan C. Stottlemyer (State Bar No. 212632)
   JONES DAY
6  3 Park Plaza, Suite 1100
   Irvine, CA 92614
7  Telephone: (949) 851-3939
   Facsimile: (949) 553-7573

8  Attorneys for Defendant
   EXPERIAN INFORMATION
9  SOLUTIONS, INC.



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON DENNIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BEH-1, LLC, a limited liability company in the State of California, EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio Corporation, and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. LACV-03-7064 R (CWx)<br><br>HON. MANUEL L. REAL<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT**<br><br>[Filed concurrently with Notice of Motion and Motion for Summary Judgment; Request for Judicial Notice; and [Proposed] Order]<br><br>Date: June 7, 2004<br>Time: 10:00 a.m.<br>Place: Courtroom 8<br><br>Action Filed: October 1, 2003<br>Trial Date: June 8, 2004 |



LAI-2109356v1

Pursuant to Local Rule 56-1, Defendant Experian Information Solutions, Inc. ("Experian") hereby submits the following Statement of Uncontroverted Facts and Conclusions of Law in Support of Experian's Motion for Summary Judgment.

After consideration of the papers in support of and in opposition to Defendants' Motion for Summary Judgment, as well as the oral argument of counsel, the Court makes the following determinations of uncontroverted facts and conclusions of law in this action.

## STATEMENT OF UNCONTROVERTED FACTS

I. All of Plaintiff's claims.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 1. On October 22, 2002, an unlawful detainer complaint was filed by BEH-1, LLC, against Jason Dennis in the Superior Court of the State of California, County of Los Angeles, Case No. 02U17296. | 1. Request for Judicial Notice ("RJN"), Ex. 3. |
| 2. The Los Angeles County Superior Court's Civil Register of Actions for Case No. 02U17296 states: "11/25/02 Court Trial Concluded – Judgment Entered." | 2. RJN, Ex. 1 |

LAI-2109356v1

1

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 3. The Los Angeles County Superior Court's November 25, 2002 Trial Minutes for Case No. 02U17296 state: "Pursuant to Written Stipulation, the parties applied to the court for judgment, which was so ordered." | 3. RJN, Ex. 5. |

II. All of Plaintiff's claims.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 4. Plaintiff has not suffered any out-of-pocket losses as a result of inaccurate information on his credit report. | 4. Plaintiff's Response to Request for Admission No. 19. [Ex. 5, at 7] |
| 5. Plaintiff cannot adduce any evidence that an inaccuracy in his Experian credit report caused him actual injury. | 5. Plaintiff bears the burden of proof and production. |
| 6. Plaintiff cannot adduce any evidence that Experian's reinvestigation of Plaintiff's dispute concerning the accuracy of the judgment caused him actual injury. | 6. Plaintiff bears the burden of proof and production. |

LAI-2109356v1

2

III. Plaintiff's "reinvestigation" claims pursuant to 15 U.S.C. § 1681i and California Civil Code section 1785.16.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 7. On or about April 2, 2003, Plaintiff contacted Experian to purchase a copy of his Experian credit file, which Experian provided that same day. | 7. Declaration of Kira Williams ("Williams Decl."), ¶ 6. |
| 8. On or about April 2, 2003, Plaintiff contacted Experian to request a reinvestigation of the judgment reported within his credit file. | 8. Williams Decl., ¶ 8. |
| 9. Plaintiff did not submit any documents to Experian at the time that he disputed the judgment. | 9. Williams Decl., ¶ 9; Ex. 4, Deposition of Jason Dennis ("Dennis Depo"), at 40:17-20. |
| 10. In response to Plaintiff's dispute, Experian initiated a reinvestigation of the accuracy of the judgment. | 10. Williams Decl., ¶ 11. |
| 11. Experian contacted Dolan Information Services ("Dolan"), Experian's third-party public records vendor for the Los Angeles County Superior Court. | 11. Williams Decl., ¶ 11; Declaration of Wendy Little ("Little Decl."), ¶ 5. |
| 12. Experian identified Plaintiff to Dolan and the substance of Plaintiff's dispute. | 12. Williams Decl., ¶ 12; Little Decl., ¶ 5. |

LAI-2109356v1

3

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 13. Experian requested that Dolan verify the accuracy of the Los Angeles County Superior Court record being reported in Plaintiff's credit file. | 13. Williams Decl., ¶ 12; Little Decl., ¶ 5. |
| 14. Dolan verified the accuracy of the judgment reported in Plaintiff's credit file. | 14. Williams Decl., ¶ 12; Little Decl., ¶¶ 6-7, Ex. B. |
| 15. After completing the reinvestigation, the judgment remained in Plaintiff's credit file. | 15. Williams Decl., ¶ 12, Ex. 1. |
| 16. After completing the reinvestigation, Experian sent Plaintiff a copy of his credit file dated April 15, 2003 that communicated the results of Experian's reinvestigation. | 16. Williams Decl., ¶ 13, Ex. 1. |

IV. Plaintiff's claims for punitive and statutory damages pursuant to 15 U.S.C. § 1681n and California Civil Code section 1785.31.

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 17. Experian has provided Plaintiff with a copy of his credit file every time that he requested it from Experian. | 17. Williams Decl., ¶ 16; Ex. 4, Dennis Depo., at 83:4-6, 83:23-25. |

LAI-2109356v1

4

| UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|
| 18. Upon receiving Plaintiff's only dispute concerning the judgment on or about April 2, 2003, Experian reinvestigated the disputed information and, after completing the reinvestigation, sent Plaintiff a copy of his credit file dated April 15, 2003 that communicated the results of that reinvestigation. | 18. Williams Decl., ¶¶ 11-13, Ex. 1; Little Decl., ¶¶ 5-7, Ex. B. |
| 19. The Los Angeles County Superior Court vacated the judgment entered in Case No. 02U17296 against Plaintiff on or about November 26, 2003. | 19. RJN, Exs. 6, 7. |
| 20. On or about December 17, 2003, Experian deleted the judgment from Plaintiff's credit file. | 20. Williams Decl., ¶ 15, Ex. 3. |

## CONCLUSIONS OF LAW

1. Summary judgment must be entered where the moving party demonstrates that "there is no genuine issue as to any material facts and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

2. Because the provisions of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"), and the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code. §§ 1785.14, *et seq.* ("CCRA") are analogous, California courts recognize that decisions adjudicating the FCRA constitute

LAI-2109356v1

5

1 applicable authority for interpreting parallel provisions of the CCRA. See, e.g.,
2 Pulver v. Avco Financial Servs., 182 Cal.App.3d 622, 634-35 (1986)..

3    3. To establish a *prima facie* case for any of Plaintiff's claims, Plaintiff
4 must "present evidence tending to show that a credit reporting agency prepared a
5 report containing inaccurate information." Guimond v. Trans Union Credit
6 Information Co., 45 F.3d 1329, 1333 (9th Cir. 1995); see also Spence v. TRW, Inc.,
7 92 F.3d 380, 382 (6th Cir. 1996) ("A showing of inaccuracy is an essential element
8 of a claim" under Section 1681e(b)); Thomas v. Trans Union, LLC, 197 F. Supp.
9 2d 1233, 1236 (D. Or. 2002) (Section 1681i(a) claim requires proof that the
10 plaintiff's credit file contains inaccurate information).

11    4. Plaintiff cannot establish a *prima facie* case against Experian for any
12 FCRA or CCRA violation.

13    5. Plaintiff cannot show that Experian prepared a report containing
14 inaccurate information because Experian accurately reported the judgment entered
15 against Plaintiff in the record of the Superior Court of the State of California,
16 County of Los Angeles, from the unlawful detainer action entitled BEH-1, LLC v.
17 Dennis, *et al.*, Case No. 02U17296.

18    6. To establish a *prima facie* case for any FCRA and CCRA violation,
19 Plaintiff must adduce competent and admissible evidence establishing both
20 causation and injury. See Crabill v. Trans Union, LLC, 259 F.3d 662, 664 (7th Cir.
21 2001) ("Without a causal relation between the violation of the statute and the loss
22 of credit, or some other harm, a plaintiff cannot obtain an award of actual
23 damages."); Cahlin v. GMAC, 936 F.2d 1151, 1160-61 (FCRA plaintiff bears the
24 burden of proving that he or she was damaged as result of the alleged FCRA
25 violations by the defendant credit reporting agency); Pendleton v. Trans Union
26 Systems Corp., 76 F.R.D. 192, 195 (E.D. Pa. 1977) ("consumer who was denied
27 credit must show that the denial was caused by inaccurate entries (which in turn
28

LAI-2109356v1

were caused by the defendant's failure to use reasonable procedures), rather than by correct adverse entries or any other factors").

7.   Plaintiff's FCRA and CCRA claims fail because Experian did not cause Plaintiff any injury.

8.   There is no need to inquire into the reasonableness of a credit reporting agency's procedures if that agency has demonstrated that the consumer report at issue was in fact accurate. See Grays, 159 F. Supp. at 393 ("no need for the court to determine whether [credit reporting agency's] procedures assured maximum possible accuracy" where that agency has accurately reported what was contained within the public record); see also McPhee v. Chilton Corp., 468 F. Supp. 494 (D. Conn. 1978).

9.   When a credit reporting agency receives a dispute by a consumer, it must reinvestigate the disputed information within thirty days and promptly delete credit information that has been found to be inaccurate or unverifiable. 15 U.S.C. § 1681i(a)(1)(A), (a)(5)(A); Cal. Civ. Code § 1785.16.

10.   To prevail on a reinvestigation claim, a plaintiff must demonstrate the following elements: (i) the plaintiff's credit file contains inaccurate information; (ii) the plaintiff notified the credit reporting agency directly of the inaccurate information; (iii) the credit reporting agency failed to maintain reasonable procedures for reinvestigations; (iv) the plaintiff suffered injury; and (v) the consumer reporting agency's failure caused the plaintiff's injury. See Thomas v. Trans Union, LLC, 197 F. Supp. 2d 1233, 1236 (D. Or. 2002); see also 15 U.S.C. § 1681i(a); Cal. Civ. Code § 1785.16.

11.   Plaintiff's reinvestigation claims fail because Experian complied with its reinvestigation obligations under the FCRA and CCRA.

12.   To recover punitive and statutory damages under the FCRA and CCRA, Plaintiff must prove that Experian willfully failed to comply with the

1 | FCRA and CCRA requirements. See 15 U.S.C. § 1681n(a) and Cal. Civ.
2 | Code § 1785.31.
3 |     13. Under the FCRA and CCRA, "willful" requires a showing that the
4 | defendant "knowingly and intentionally committed an act in conscious disregard for
5 | the rights of others." See Pinner v. Schmidt, 805 F.2d 1258, 1263 (5th Cir. 1986).
6 |     14. Plaintiff cannot recover punitive and statutory damages because
7 | Experian has not willfully violated any FCRA or CCRA requirement.
8 | **LET JUDGMENT SO ENTER.**

Dated: June 23, 2004

HON. MANUEL L. REAL
UNITED STATES DISTRICT JUDGE

Submitted by:

JONES DAY

By: B Stuty
   Ryan C. Stottlemyer

Attorneys for Defendant
EXPERIAN INFORMATION SOLUTIONS, INC.

LAI-2109356v1

8

## PROOF OF SERVICE
## JASON DENNIS V. BEH-1, LLC,
## USDC, Central Dist. Of CA, Case No. LACV 03-7064 R (CWx)

I, **Pamela J. Carvalho**, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3 Park Plaza, Suite 1100, Irvine, California 92614. On **May 14, 2004**, I served a copy of the within document(s): **STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below.

☒ by placing the document(s) listed above in a sealed <u>Federal Express</u> envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Louis P. Dell
Law Office of Louis P. Dell
3418 West Sixth Street
Los Angeles, CA 90020
Telephone: (213) 385-8856
Facsimile: (213) 385-8849
Counsel for Plaintiff, *JASON DENNIS*

Craig Mordoh
Attorney at Law
2530 Wilshire Blvd., Third Floor
Santa Monica, CA 90403
Telephone: (310) 453-6774
Facsimile: (310) 828-6371
Counsel for Defendant, *BEH-1, LLC*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on **May 14, 2004**, at Irvine, California.

**Pamela J. Carvalho**

LAI-2106378v1

1